**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION**

| | |
|---|---|
| Amber Young,<br><br>   Plaintiff,<br><br>v.<br><br>American Credit & Collections, LLC,<br><br>   Defendant. | Case No. 0:11-cv-3288-SRN-JSM<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT** |

James Agosto, Macey Bankruptcy Law, P.C., 1970 Oakcrest Avenue, Suite 210, Roseville, Minnesota 55113, for Plaintiff

_____

# FINDINGS OF FACT

1. Plaintiff is a natural person who resided in Chaska, MN at all times relevant to this action.

2. Defendant American Credit & Collections, LLC ("American") is a Pennsylvania limited liability company that maintained its principal place of business in Scranton, PA at all times relevant to this action.

3. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

4. The underlying alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. On June 7, 2011, American's representative "Brandon" telephoned Plaintiff in connection with the collection of the debt, cancelled Plaintiff's previous payment arrangement without warning, and threatened to sue Plaintiff due to Plaintiff's inquiries about the dates on which her payments were being withdrawn.

7. American called Plaintiff immediately after terminating the above phone call and left a voicemail threatening to file a lawsuit and cancel Plaintiff's payment arrangement.

8. Plaintiff telephoned American again to try to speak with a different representative to resolve the matter.

9. American's representative Brandon called Plaintiff again on June 7, 2011.  During the call, he loudly admonished Plaintiff for speaking to a different representative, ridiculed Plaintiff's debt level, threatened to take Plaintiff's car and garnish her wages, and told Plaintiff that American would see Plaintiff in court.

10. As a result of these threats, Plaintiff entered into a payment arrangement with Defendant to pay $500.00 each month.  This payment arrangement was unaffordable for Plaintiff and was entered into due to Plaintiff's concerns about possible wage garnishment and the loss of her car.

11. At the time of the above threats, American had neither the intent nor the ability to file a lawsuit against Plaintiff, take Plaintiff's car, or garnish Plaintiff's wages.

12. As a result of the Defendant's actions, Plaintiff was in shock, felt worthless, felt hopeless, and was in tears.

13. Plaintiff filed her Complaint in the instant action on November 11, 2011 [Doc. No. 1], alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692d , against Defendant.

14. Plaintiff's counsel avers that on November 8, 2011, counsel mailed a notice of the lawsuit to Defendant, along with a request for waiver of service.  (Aff. of Nicholas J. Prola ¶ 3 [Doc. No. 10].)

15. After Defendant did not waive service of process, Plaintiff effected personal service of process upon Defendant on December 20, 2011. (Summons Returned Executed at 2 [Doc. No. 2]), making American's answer due on January 10, 2012.

16. As of today's date, American has not filed a responsive pleading with this Court.

17. On February 23, 2012, the United States District Court Clerk entered American's default on the record.  (Clerk's Entry of Default [Doc. No. 5].)

18. On June 11, 2012, Plaintiff moved the Court for Default Judgment against American. (Motion for Default Judgment [Doc. No. 6].) Plaintiff mailed a copy of the Notice of Hearing, Motion for Default Judgment, Memorandum and supporting papers to Defendant on that same day. (Certificate of Service [Doc. No. 11].) Plaintiff requests $1,000.00 in statutory damages and $3,322.50 in attorney's fees and costs, for a total judgment of $4,322.50.

## CONCLUSIONS OF LAW

1. Defendant has defaulted on the Complaint and therefore has admitted the allegations contained therein.

2. American violated 15 U.S.C. §1692e by threatening to sue Plaintiff, threatening to garnish Plaintiff's wages and threatening to take Plaintiff's car when American had neither the intent nor the legal ability to do so.

3. American violated 15 U.S.C. §1692d(2) by communicating with Plaintiff using language the natural consequence of which is to abuse the hearer, including yelling at Plaintiff and criticizing Plaintiff's level of debt.

4. Plaintiff therefore is entitled to the requested relief, including full statutory damages of $1,000.00.

1. A plaintiff in a successful FDCPA action shall also recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3).

2. The Lodestar method is used to determine what amount a prevailing party should be awarded for attorney's fees. This method uses the number of hours that are reasonably expended on litigation and multiplies those hours by a reasonably hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

3. Plaintiff has submitted an affidavit and exhibit regarding her attorney's fees and costs. (Ex. A to Prola Aff. [Doc. No. 10-1].) Plaintiff incurred $2,937.50.00 in reasonable attorney's fees for 10.2 hours of attorney work billed at a rate of $250 per hour and 3.1 hours of paralegal work, billed at a rate of $125 per hour, plus $385.00 in costs. (<u>Id.</u>)

4. As the prevailing party due to American's default, Plaintiff is awarded $385.00 for costs and $2,937.50 for reasonable attorney's fees, for a total of $3,322.50.

5. Judgment is hereby entered against Defendant American Credit & Collections, LLC in the total amount of $4,322.50.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: August 29, 2012

                                                  s/Susan Richard Nelson
                                                  **SUSAN RICHARD NELSON**
                                                  **UNITED STATES DISTRICT JUDGE**